**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT CLARK** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTONIO ORIGLIO, INC. d/b/a ORIGLIO BEVERAGE** | : | **NO. 25-1515** |

# <u>MEMORANDUM</u>

**KENNEY, J.** **September 4, 2026**

Before the Court is Defendant's Motion for Sanctions (the "Motion"). ECF No. 43. In its Motion, Defendant asks the Court to sanction Plaintiff and/or Karpf, Karpf, and Cerutti, P.C., the law firm representing Plaintiff, because Plaintiff: (1) failed to comply with the Court's April 13, 2026 Order (ECF No. 42) requiring him to produce for inspection certain prescription medications, as requested in an inspection request pursuant to Federal Rule of Civil Procedure 34, and (2) lodged objections to Defendant's Rule 34 inspection requests without making a reasonable inquiry or for an improper purpose. ECF No. 43 at 1. Defendant specifically asks the Court to require Plaintiff to pay the attorney's fees and costs that it incurred in connection with drafting two letters to the Court, *see* ECF Nos. 34, 39, appearing at a March 25, 2026 teleconference with the Court, and drafting the instant Motion, *see* ECF No. 38. ECF No. 43 at 2; ECF No. 43-5. Defendant also asks the Court to consider the additional sanction of precluding Plaintiff from asserting certain arguments at trial. *See* ECF No. 43-1 at 16. Plaintiff opposes the Motion. ECF No. 46. For the reasons stated below, Defendant's Motion for Sanctions (ECF No. 43) will be denied.

## I. <u>BACKGROUND</u>

The circumstances giving rise to Defendant's Motion are as follows. On March 23, 2026, Defendant filed a letter with the Court, asking for a telephone conference to address Plaintiff's

objections to a Rule 34 inspection request, served on March 19, 2026, which sought to inspect and photograph Plaintiff's closet at his home on the basis that Plaintiff testified during his March 17, 2026 deposition that he stored his remaining Oxycodone pills that were filled from November 2020 to November 2024 in his closet.[1] *See* ECF No. 34.

Plaintiff filed a March 24, 2026 response to Defendant's letter stating that he objected to the proposed inspection on the basis that Defendant's request was "speculative, untethered to the record, and disproportionate to the needs of the case," and sought "intrusive, post-deadline residential discovery" inside Plaintiff's home without sufficient relevance. ECF No. 35. In support of his objection, Plaintiff stated that Defendant has "maintained that Plaintiff was terminated for an alleged failure to disclose his [Oxycodone] prescription, not because of any positive drug test, use, possession, or impairment," and that deposition testimony of Defendant's employees confirmed that Plaintiff was never under reasonable suspicion for drug use. *Id.* at 1. Accordingly, Plaintiff argued that the record "forecloses any factual basis to infer contemporaneous suspicion of [Plaintiff's Oxycodone] use, possession, or impairment" at work for purposes of justifying an inspection of the Oxycodone pills in Plaintiff's possession. *Id.* On March 25, 2026, the Court held a teleconference with the Parties to discuss the discovery dispute,

---

[1] Both Parties direct the Court to the Plaintiff's deposition transcript, which contains the following exchange:

> Q. So from November of 2020 to November of 2024 is four years; right?
> A. Yeah.
> Q. Twelve months in a year. Four years is 48 months, and you're getting 60 pills for each of those months. So that multiples to 2,880 pills over those four years. Does that math sound about right?
> A. I don't know. I don't - - I don't keep up with them.
> Q. Okay. So if you're only taking them occasionally on the weekends - -
> A. Yeah.
> Q. - - but over those four years, you filled prescriptions for 2,880 oxycodone IR 10 milligram tabs, where are the remainder of the pills?
> A. They home.

ECF No. 43-1 at 8; ECF No. 46-5 at 4.

and that same day, the Court denied Defendant's request for an order to enforce its Rule 34 inspection request. *See* ECF No. 36.

On April 1, 2026, Defendant filed another letter with the Court, recounting that it had served a revised Rule 34 request on Plaintiff, asking Plaintiff to produce for inspection at the offices of Defendant's counsel the same pills that Defendant previously sought to inspect at Plaintiff's home. ECF No. 39. Defendant advised the Court that Plaintiff had objected to the revised request, and it asked the Court to compel Plaintiff's compliance. *Id.* In an April 3, 2026 letter to the Court, responding to Defendant's second letter, Plaintiff renewed his objections to the inspection on the basis that the "request remain[ed] a fishing expedition" that was disproportionate to the needs of the case and "premised on speculation arising from post-hoc deposition testimony." ECF No. 40 at 1–2. Plaintiff also asserted that the request "impose[d] practical burdens disproportionate to any likely benefit, including interference with Plaintiff's work schedule and with his continued use and possession of lawfully prescribed medication for ongoing back pain." *Id.* at 2. On April 13, 2026, the Court granted Defendant's request to enforce the revised Rule 34 inspection request, ordering Plaintiff to produce for inspection and photography, at the offices of Defendant's counsel, the Oxycodone pills filled from November 2020 to November 2024 that remained in his possession. ECF No. 42.

Thereafter, in an April 14, 2026 email to Defendant's counsel, which Defendant attaches as Exhibit A to its Memorandum of Law, Plaintiff's counsel asserted that "Plaintiff has confirmed that he has no such pills in his possession," so "there is nothing available to inspect or photograph, and Plaintiff does not need to appear at defense counsel's office for that purpose." ECF No. 43-2. Defendant states that the April 14, 2026 email was the first time that Plaintiff's counsel disclosed that Plaintiff did not possess the Oxycodone pills that Defendant sought to inspect through its Rule

34 requests. ECF No. 43-1 at 4. On April 17, 2026, Defendant's counsel emailed Plaintiff's counsel, stating that Plaintiff's assertion that he no longer possesses the pills in question directly contradicted his deposition testimony and advising that Defendant intended to move for sanctions. ECF No. 43-3.

In an April 21, 2026 email to Defendant's counsel, Plaintiff's counsel stated that Plaintiff's "deposition testimony at issue was not the clear admission you now portray it to be, and we never represented to the Court that Plaintiff was in present possession of inspectable pills from the November 2020 to November 2024 period." ECF No. 43-4 at 2. In an Affidavit attached to Plaintiff's counsel's April 21, 2026 email, Plaintiff asserts that he understood Defendant's counsel's deposition questioning to "ask[] about pills [Plaintiff] then currently had or was currently receiving as of [the date of the deposition], not whether [he] had kept every unused pill from prescriptions filled between November 2020 and November 2024." *Id.* at 8–9. Plaintiff further states that any "unused oxycodone pills [filled] from the November 2020 to November 2024 period were either taken by [him] or thrown away when [he] believed they were old," and that "[i]f defense counsel had clearly asked [him] . . . whether, as of [the date of the deposition], [he] still had any unused oxycodone pills from prescriptions filled between November 2020 to November 2024, [his] answer would have been no." *Id.* at 10.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 26(g) provides that every discovery request, response, or objection must be signed by an attorney of record. Fed. R. Civ. P. 26(g)(1). The attorney's signature certifies that, to the best of the attorney's knowledge, information or belief, the request, response, or objection is:

> (i) consistent with [the Federal Rules of Civil Procedure] and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

> existing law, or for establishing new law;
>
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

*Id.* If a certification violates Rule 26(g) "without substantial justification," the court is required to impose a sanction on the attorney, the client, or both. Fed. R. Civ. P. 26(g)(3). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id.*

"The standards for granting a Motion for Rule 26(g) sanctions are the same as the standards for granting a Motion for sanctions pursuant to Rule 11." *Project 74 Allentown, Inc. v. Frost*, 143 F.R.D. 77, 84 (E.D. Pa. 1992) (citations omitted). "As with Rule 11, the court must eschew the use of hindsight, and impose sanctions under Rule 26(g) only if signing the document was unreasonable under the circumstances." *Id.* (citation omitted). A court should find substantial justification for an attorney's certification under Rule 26(g) "where there is a genuine dispute or if reasonable people could differ." *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 703 (D.N.J. 2015) (citations omitted). In that regard, "Rule 26(g) does not require perfection and does not impose an unreasonably high burden on litigants." *Id.* at 706. Rather, it "simply requires that a reasonable inquiry be made into the factual basis of a discovery response." *Id.*

Federal Rule of Civil Procedure 37(b)(2)(A) concerns noncompliance with a court's discovery orders and permits the court to "issue further just orders," including an order requiring a "disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey the court's order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). "The decision to impose sanctions for [Rule 37] discovery violations and any

determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)).

## III. DISCUSSION

In its Motion, Defendant argues that Plaintiff has failed to comply with the Court's April 13, 2026 Order granting Defendant's revised Rule 34 request, and that Plaintiff's counsel's objections to its Rule 34 requests "were either not formed after a reasonable inquiry and/or were interposed for an improper purpose." ECF No. 43-1 at 5. Defendant's position is that either Plaintiff withheld from his attorneys the fact that he no longer possessed the Oxycodone pills at issue or Plaintiff's attorneys failed to conduct a reasonable inquiry into Plaintiff's possession of such pills before objecting to Defendant's Rule 34 requests. *Id.* Defendant argues that a reasonable inquiry by Plaintiff's counsel for purposes of responding to Defendant's Rule 34 inspection requests would have entailed asking Plaintiff if he possessed the Oxycodone pills that were the subject of Defendant's proposed inspection. *Id.* at 11. Defendant further argues that Plaintiff's objections to the Rule 34 requests—essentially, that the requests were speculative, intrusive, and disproportionate to the needs of the case—were not substantially justified given that Plaintiff did not possess any of the pills that Defendant sought to inspect. *Id.* at 12.

In his Response, Plaintiff argues that he had a "legitimate basis" to object to Defendant's Rule 34 requests because the requests "were intrusive, speculative, disproportionate, and unsupported by any evidence tying Plaintiff's lawful, disability-related prescription to workplace use, impairment at work, improper distribution of his medications, concealment of his prescription, any reasonable suspicion that he was impaired at work, or to Defendant's actual decision-making related to Plaintiff's unlawful termination from Defendant's employ." ECF No. 46-1 at 1. Plaintiff

further argues that "the supposed contradiction [between Plaintiff's deposition testimony and his objections to Defendant's Rule 34 inspection requests] rests on an overread of an imprecise deposition exchange" that Plaintiff later clarified. *Id.* at 6. Plaintiff asserts that his counsel's duty to make a reasonable inquiry before objecting to Defendant's Rule 34 inspection requests "did not require Plaintiff to accept Defendant's speculative premise, waive privacy and proportionality objections, or submit to an intrusive inspection merely because Defendant wanted to test a post-deposition credibility theory." *Id.* at 3. With respect to his counsel's inquiry, Plaintiff states that his counsel spoke with him on multiple occasions about the responsive materials at his home and reviewed relevant case information. *Id.* at 5–6. Plaintiff further states that, after Defendant raised the issue of sanctions, Plaintiff's counsel engaged in further inquiry and obtained Plaintiff's clarification of his deposition testimony. *Id.* at 2–3.

In light of Plaintiff's deposition testimony and the Affidavit in which he clarifies his understanding of the questions posed, the Court finds that Defendant has not shown that Plaintiff intentionally withheld information pertinent to Defendant's Rule 34 inspection requests at the deposition. The Court further finds that Plaintiff's objections to Defendant's Rule 34 inspection requests were substantially justified when made because they were grounded in good faith arguments about the relevancy and proportionality of Defendant's request with respect to the claims and defenses at issue in this case, as well as Plaintiff's privacy interests in his home and any medication in his current possession. Furthermore, Plaintiff's counsel promptly notified Defendant that Plaintiff did not possess the pills that were the subject of Defendant's inspection requests after being ordered to produce them in spite of Plaintiff's reasonable, although ultimately unsuccessful, objections to the scope of the discovery. Because Plaintiff's counsel's objections to Defendant's Rule 34 inspection requests were substantially justified, the Court declines to impose

sanctions on Plaintiff's counsel for making such objections. *See* Fed. R. Civ. P. 26(g); *Project 74 Allentown*, 143 F.R.D. at 84. Additionally, because Plaintiff has confirmed that he does not possess any Oxycodone pills from prescriptions filled from November 2020 to November 2024, Defendant has not shown that Plaintiff has violated the Court's April 13, 2026 Order directing him to produce any such pills to Defendant for inspection.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion for Sanctions (ECF No. 43). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**